IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EBONEE JACQUESE BELL                                                                                           PLAINTIFF

v.                                            Civil No. 4:25-cv-04001-BAB

SERGEANT ROYCE BENNETT;
CORRECTIONAL OFFICER CECILY SMITH;
CORRECTIONAL OFFICER LEANN WILLIS;
and LIEUTENANT RAMI COX                                                                                    DEFENDANTS

## ORDER

Ebonee Jacquese Bell currently an inmate of the Lafayette County Jail, submitted for filing in this district a *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also submitted a motion to proceed *in forma pauperis* (IFP). (ECF No. 2). The Court granted Plaintiff's IFP Motion on January 14, 2025. (ECF No. 4).

After a review of Plaintiff's Complaint, the Court determines Plaintiff has alleged multiple unrelated claims against the named Defendants, and such claims should be severed.

In her Complaint, Plaintiff states all of her claims arose in the Lafayette County Jail in 2024. However, Plaintiff makes three distinct claims all arising on different dates and relating to distinct facts:

(1) in Claim One, Plaintiff alleges she was assaulted on October 22, 2024 in the Lafayette County Jail, and Defendants Willis and Smith were present but failed to protect her;

(2) in Claim Two, Plaintiff alleges she was denied medical care, on October 20, 2024, in the Lafayette County Jail, related to her medical conditions of Lupus and Colitis;[1] and

---

1 Plaintiff is not clear what Defendants she claims denied her medical care. (ECF No. 1).

(3) in Claim Three, Plaintiff alleges a conditions-of-confinement claim against Defendant Cox for black mold.   (ECF No. 1).

"Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right."   7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1657 (3d ed. 1998 & Supp. 2021).   Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

In this case, there is no logical relationship with Plaintiff's claims.   Her failure to protect, denial of medical care, and conditions-of-confinement claim have no connection or relationship other than all occurring while she was incarcerated in the Lafayette County Jail.   They each occurred on different dates and rely upon different factual basis.   Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action."   Fed. R. Civ. P. 21.   However, the Court may at any time drop parties or sever any claim against a party.   *Id.*   "[S]everance under Rule 21 creates two separate actions where previously there was but one."   *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (internal quotations and citation omitted).

Accordingly, the Clerk is directed to:

(1) sever the Plaintiff's Claims Two and Three each into new cases listing all Defendants Royce Bennett, Leann Willis, Cecily Smith, and Rami Cox in the first severed case for Claim Two, and only Defendant Cox in the second severed case for Claim Three, and

terminating Defendants Royce Bennett and Rami Cox from this matter for Claim One;

(2) file a copy of the Complaint in both of the severed cases;

(3) send Plaintiff two blank *in forma pauperis* applications in the severed cases;

(4) file a copy of this Order in both of the severed cases;

(5) send Plaintiff three blank Section 1983 Complaint forms – one for this case and one for each severed case.

**Plaintiff is directed to file an Amended Complaint in each case (three Amended Complaints). In this case, Plaintiff's original case, Plaintiff shall assert only her claim related to the alleged failure to protect on October 22, 2024. Plaintiff shall only name those Defendants which acted or failed to act related to her alleged failure to protect in this Amended Complaint.**

**Next, Plaintiff is directed to file an Amended Complaint in her first new case asserting only her claims related to the denial of medical care regarding her Lupus and Colitis in October 2024. Plaintiff is to only name those Defendants which played a role in this denial of medical care in that Amended Complaint.**

**Finally, Plaintiff is directed to file an Amended Complaint in her second severed case asserting only her claims related to the purported unconstitutional conditions of confinement at the Lafayette County Jail in 2024. Plaintiff is to only name those Defendants which she claims are responsible for those complained of conditions of confinement in that Amended Complaint.**

**The Clerk is directed to mail** Plaintiff a court-approved 1983 complaint form for each case. Plaintiff shall file her Amended Complaints **no later than February 11, 2025.**

In the Amended Complaint, Plaintiff must write short, plain statements telling the Court:

(1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person she has named as a Defendant.

Plaintiff is **CAUTIONED** that she must affirmatively link the conduct of each named Defendant with the specific injury she suffered. If she fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

The Plaintiff must clearly designate on the face of the document that it is an Amended Complaint. The Amended Complaint must be retyped or rewritten in its entirety on the court-approved form. Plaintiff **may not incorporate any part of the original Complaint.** An Amended Complaint supersedes, or takes the place of, the original Complaint. After amendment, the Court will treat the original and original Complaint as nonexistent. Any cause of action that was raised in the original Complaint is waived if it is not raised in the Amended Complaint.

**Plaintiff is also DIRECTED to file a completed IFP Application in both of her new cases. This IFP Application is also due on February 11, 2025.**

**This case shall be subject to dismissal if Plaintiff fails to return the Amended Complaints in each case and the IFP Application in his new case to the Court by the February 11, 2025 deadline.**

IT IS SO ORDERED this 21st day of January 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE