IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EBONEE JACQUESE BELL                                                                                    PLAINTIFF

v.                 Civil No. 4:25-CV-04001-SOH-MEF

CORRECTIONAL OFFICER CECILY SMITH, LCDC; and
CORRECTIONAL OFFICER LEANN WILLIS, LCDC;                                                DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Ebonee Jacquese Bell, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 generally alleging that Lafayette County Detention Center ("LCDC") officials violated her constitutional rights. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP") status. (ECF No. 4). The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, this case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute this case.

**I.      BACKGROUND**

On January 14, 2025, Plaintiff initiated the above-captioned civil rights action (ECF No. 1) and filed an application to proceed IFP (ECF No. 2). That same day, United States Magistrate Judge Barry A. Bryant granted Plaintiff's application to proceed IFP. (ECF No. 4). That Order also directed Plaintiff to file a notice of change of address with the Court within thirty (30) days

1

of any such change, failing which this matter would be subject to dismissal. *Id.* Upon preservice review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), Judge Bryant concluded that Plaintiff's complaint contained unrelated (or misjoined) claims. (ECF No. 7). Accordingly, consistent with Rule 21 of the Federal Rules of Civil Procedure, Judge Bryant ordered that the unrelated claims be severed from this action and that Plaintiff file an amended complaint asserting only the claims that remain in this action—namely, her claim that Defendants Willis and Smith failed to protect her when she was assaulted by an inmate on October 22, 2024, at the LCDC. *Id.* Plaintiff's amended complaint was due by February 11, 2025. *Id.* That Order has not been returned as undeliverable.

When the deadline to submit the amended complaint passed with no response from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with court orders and failure to prosecute. (ECF No. 8). The show cause response was due by March 7, 2025. *Id.* This Order has also not been returned as undeliverable. The show cause deadline has now passed, and Plaintiff has not responded in any way. Indeed, Plaintiff has not communicated with the Court since initiating this action over two months ago.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules

2

of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

### III.   ANALYSIS

Plaintiff has failed to comply with two court orders—the order directing her to file an amended complaint (ECF No. 7) and the Court's show cause order (ECF No. 8). These orders have not been returned as undeliverable. But Plaintiff has not responded or communicated with the Court in any way. Plaintiff, therefore, has failed to comply with court orders and has failed to provide any excuse for his noncompliance. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court recommends that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice.

### IV.   CONCLUSION

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

the district court.

      **STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 18th day of March 2025.

                                                     /s/ *Mark E. Ford*
                                                     HON. MARK E. FORD
                                                     UNITED STATES MAGISTRATE JUDGE